IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALONZO FORD,<br><br>    Plaintiff,<br><br>v.<br><br>MARQUESAS CAPITAL<br>PARTNERS, LLC,<br><br>    Defendant. | Case No.: 8:22-cv-02658 |

## SECOND AMENDED COMPLAINT

Plaintiff Alonzo Ford, by and through undersigned counsel, hereby files his second amended complaint against Marquesas Capital Partners, LLC ("Marquesas"), respectfully showing as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff, Alonzo Ford ("Plaintiff"), is a citizen and resident of Smyrna, Georgia.

2. Defendant, Marquesas, is a Delaware limited liability company with its principal place of business in Florida.

3. The members of Marquesas are citizens of Florida.

4. Marquesas's business purpose is to hold the shares of UNation, Inc. ("UNation") owned by John Bartoletta and Dennis Thomas, and to generate capital for UNation through loans made by private investors such as Plaintiff.

5. In UNation's Preliminary Offering Circular, dated May 16, 2016, which was filed with the U.S. Securities and Exchange Commission, UNation represented that it had "entered into a loan agreement with Marquesas Capital Partners, LLC, a company controlled by the Managers of UNATION." *See* Preliminary Offering Circular at p. 10 (May 16, 2016), https://www.sec.gov/Archives/edgar/data/1549679/000164460016000139/circular.htm. The document also lists the Series A, B and C Units of UNation owned by John Bartoletta and Dennis Thomas. *Id.* at 29. Those units were reportedly held by Marquesas for the benefit of John Bartoletta and Dennis Thomas. *Id.* at 30. The document also refers to Marquesas as UNation's "majority member." *Id.* at 52.

6. UNation is a Delaware corporation with its principal place of business in Tampa, Florida. UNation is the successor-in-interest to UNation LLC. UNation is a technology company that owns and markets a proprietary mobile and desktop application that simplifies event discovery, event promotion and user-generated ticketing/registration.

7. John Bartoletta, ("Bartoletta") is a citizen and resident of Tampa, Florida. Bartoletta is the Chairman, President and CEO of UNation.

8. Dennis Thomas, ("Thomas") is a citizen and resident of Tampa, Florida. Thomas is the CFO and Treasurer of UNation. Thomas is or was the managing member of Marquesas.

9. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 due to the complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.00.

10. Venue is proper in the Middle District of Florida because Marquesas, through its members, resides in this judicial district and because a substantial part of the events giving rise to this claim occurred in this judicial district.

11. The Promissory Note at issue in this action includes a forum selection clause providing for federal jurisdiction in the Federal District Court in the Middle District of Florida, Tampa Division.

12. Attached hereto as Exhibit A is a true and correct copy of the Promissory Note.

## Factual Allegations

13. Plaintiff is an experienced investor who has worked in the real estate industry.

14. Plaintiff and Bartoletta have known each other for several years. Bartoletta was the head of a company where Plaintiff previously worked.

15. In early 2015, Plaintiff visited Bartoletta in Tampa, Florida, and participated in meetings at Bartoletta's home and at UNation headquarters.

16. At those meetings, Bartoletta told Plaintiff about an investment opportunity with UNation.

17. Specifically, Bartoletta requested that Plaintiff loan UNation $200,000, which was required so that UNation could meet its payroll obligations. In exchange, UNation would execute a promissory note in Plaintiff's favor and provide Plaintiff certain shares of UNation stock.

18. Bartoletta told Plaintiff that UNation would repay the loan in 90 days, once several million dollars in committed capital from other investors was collected by UNation.

19. Relying on the representations made at those meetings, in January 2015, Plaintiff loaned $200,000 to UNation and received a promissory note from Marquesas in exchange.

20. Thomas signed the Note on behalf of Marquesas as its managing member.

21. The Note provided that Marquesas (defined as the "Borrower") promised to pay to Plaintiff (defined as the "Lender") the sum of $110,000.00, together with interest on the unpaid balance. The interest charged on the unpaid principal balance owed on the Note was four percent (4%) per annum.

22. Under the repayment terms of the Note, the entire principal balance and accrued interest was due and payable on the earlier of (i) an unspecified date or (ii) "the sale, assignment, transfer, lease or voluntary disposition of all or substantially all of Borrower's assets."

23. No date was ever placed on the Promissory Note as Subsection (i) was left blank and Subsection (ii) stated events that have not happened as of this date. *See* Marquesas Answer to Paragraph 29 of the Amended Complaint, ECF 53 at 3.

24. Under Florida law, a promise is "payable on demand" if it "does not state any time for payment." Fla. Stat. § 673.1081; *see also Schekter v. Michael*, 184 So. 2d 641 (Fla. 1966); *Cohan v. Flanders*, 315 F. Supp. 1046 (S.D. Ga. 1970).

25. On November 7, 2022, counsel for Plaintiff sent a letter to counsel for Marquesas, demanding that Marquesas repay the loan with interest by November 17, 2022. A true and correct copy of the November 7 letter is attached hereto as Exhibit B.

26. Marquesas has not repaid the principal balance and accrued interest on the Note.

27. Accordingly, Marquesas is in default under the terms of the Note.

28. In addition, the Note misstates the total amount loaned by Plaintiff. As set forth above, Plaintiff loaned a total of $200,000. Nonetheless, the Note contemplates errors in the documents and provides for their correction as follows: "The parties mutually agree to cooperate or re-execute any and all documents deemed reasonably necessary or desirable in the other party's reasonable discretion, in order to correct or to adjust for any clerical errors or omissions contained in any

document executed in connection with the loan." Accordingly, the Note should be reformed to reflect that Plaintiff's loan was in the amount of $200,000.

29. Plaintiff has had to retain the undersigned attorney to represent him in this matter and is obligated to pay reasonable attorney's fees and to reimburse for costs expended. Pursuant to the Note, Marquesas is responsible for Plaintiff's attorney's fees and costs.

30. All conditions precedent to this action have occurred or have been waived.

## Count I – Reformation of Contract

31. Plaintiff incorporates and realleges paragraphs 1 – 30 as if set forth fully herein.

32. Plaintiff loaned $200,000.00 and received the Note from Marquesas in exchange.

33. By mutual mistake of the parties, the Note failed to reflect the total amount of the loan.

34. In the alternative, by mistake on the part of Plaintiff, coupled with inequitable conduct on the part of Marquesas, the Note failed to reflect the total amount of the loan.

35. Accordingly, the Note should be reformed to state the total amount of Plaintiff's loan -- $200,000.

## Count II – Breach of Contract

36. Plaintiff incorporates and realleges paragraphs 1 – 30 as if set forth fully herein.

37. Plaintiff loaned $200,000 and received the Note from Marquesas in exchange.

38. The Note has matured and Plaintiff has demanded repayment of the loan amount plus interest.

39. Marquesas has refused to repay the loan.

40. Marquesas is in default of the Note by failing to repay the loan.

41. As a result, Plaintiff has been financially harmed, and is entitled to repayment of the principal amount plus interest.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

a. Grant judgment against Marquesas and award the principal amount of the Note, plus interest pursuant to the Note;

b. Award Plaintiff his attorneys' fees and costs pursuant to the Note; and

c. Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 8th day of August, 2023.

*/s/ Eric A. Larson*
Eric A. Larson
*Admitted pro hac vice*
Georgia Bar No. 800631
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
elarson@mmmlaw.com

Paige A. Greenlee
Florida Bar No. 635928
paige@greenleelawtampa.com
Greenlee Law PLLC
1304 S. DeSoto Avenue, Suite 203
Tampa, FL 33606-3138
Telephone: (813) 802-8215
Facsimile: (813) 867-4585

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy on all CM/ECF participants.

*s/ Eric A. Larson*

# EXHIBIT A

PAID IN FULL  - 12/31/2017

_____
Signature

# Promissory Note

U.S. $110,000.00                                               Date: _____

**BEING INDEBTED, FOR VALUE RECEIVED**, MARQUESAS CAPITAL PARTNERS, LLC (the "Borrower"), promises to pay to the order of _____ (the "Lender"), its successors or assigns, the sum of one hundred ten thousand Dollars ($110,000.00), together with interest on the unpaid balance, calculated in the manner hereinafter stated, from the date of disbursement until maturity, both principal and interest being payable as set forth herein.

**INTEREST RATE.** The interest charged on the unpaid principal balance owed pursuant to this Note is four percent (4%) per annum. The interest rate charged shall be calculated on a daily basis on a 360-day year based on actual days elapsed.

**REPAYMENT.** The entire outstanding principal balance of the indebtedness evidenced hereby together with all unpaid interest accrued thereon shall be due and payable on upon earliest to occur of (i) _____ or (ii) the sale, assignment, transfer, lease or voluntary disposition of all or substantially all of Borrower's assets.

**PREPAYMENT.** This Note may be prepaid in whole or in part at any time without payment of premium or penalty. Any prepayments shall be applied to the last installments due hereunder.

**CONSENT AND WAIVER.** From time to time and pursuant to the written agreement of all the parties to this Note, this Note may be extended or renewed, in whole or in part, or additional sums may be advanced to the Borrower, none of which will affect the liability of the Borrower, who agrees to remain liable under and pursuant to the terms of this Note, as it may be extended, renewed, increased, modified, etc., until its respective shares of the debt represented thereby is actually paid in full to the Lender. The release of any person liable upon or in respect of this Note shall not release any other person. Furthermore, the Borrower hereby (i) waives presentment, demand of payment, protest and notice of non-payment and of protest, and any and all other notices and demands whatsoever (except as specifically required herein) and agrees to be liable for its respective share of the obligations herein and (ii) consents to any forbearance or extension of the time or manner of payment hereof.

**TIME OF ESSENCE.** Time is of the essence of this obligation.

**DEFAULT.** The happening of any of the following events shall constitute a default: (i) a failure to pay any monetary sum, whether principal or interest or any other amount due under this Note when due, or (ii) the occurrence of any default as defined under this Note or any other document executed in conjunction with the loan.

Scanned by CamScanner

**ADDITIONAL CONSIDERATION**. Borrower shall award to Lender 1,250 UNATION, LLC Class B unit warrants with an exercise price of $.01 per unit exercisable on or after January 1, 2016 pursuant to the terms and conditions of the UNATION subscription agreement.

**REPRESENTATIONS OF THE BORROWER**. The Borrower represents and warrants to the Lender as follows:

    a.    <u>Organization and Standing</u>. The Borrower is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Delaware. The Borrower has all requisite company power and authority to execute and deliver this Note, to perform its obligations hereunder and thereunder, to sell and issue the Units hereunder and to consummate the transactions contemplated hereby and thereby. All necessary company action has been taken by and on behalf of the Borrower with respect to the execution, delivery, and performance by the Borrower of this Note and the consummation of the transactions contemplated hereby and thereby without the approval of any third party, other than consent of the members of the Borrower. This Note constitutes legal, valid, and binding obligations of the Borrower, enforceable against the Borrower in accordance with their respective terms except as enforcement thereof may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws, both state and federal, affecting the enforcement of creditors' rights or remedies in general from time to time in effect and the exercise by courts of equity powers or their application of principles of public policy.

    b.    <u>Units</u>. The Units will be validly issued, fully paid and non-assessable, and will be free of any liens or encumbrances created by the Borrower.

**REPRESENTATIONS OF LENDER**. The Lender represents and warrants to the Borrower as follows:

    a.    <u>Binding Obligation</u>. This Note is a valid, binding and enforceable obligation of the Lender, subject to applicable bankruptcy, insolvency, reorganization or similar laws relating to or affecting the enforcement of creditor's rights and to the availability of the remedy of specific performance.

    b.    <u>Investment Experience</u>. The Lender is an accredited investor within the meaning of Regulation D prescribed by the Securities and Exchange Commission (the "SEC") pursuant to the Securities Act, as amended (the "Act"), and (by virtue of the Lender's experience in evaluating and investing in private placement transactions of securities in companies similar to the Borrower) the Lender is capable of evaluating the merits and risks of the Lender's loan and subsequent receipt of Units in the Borrower and has the capacity to protect the Lender's own interests.

    c.    <u>Investment Intent</u>. The Lender is acquiring the Units for investment for the Lender's own account and not with a view to, or for resale in connection with, any distribution thereof.

Scanned by CamScanner

d. **Restricted Securities**. The Lender understands that:

1. The loan under which the Lender is acquiring the Units has not been registered under the Act, and the Units must be held indefinitely unless subsequently registered under the Act, an exemption from such registration is available, and/or the Borrower specifically authorizes the Lender to sell, assign, and/or transfer the Units; otherwise, the Lender cannot transfer, assign, and/or sell the Units to any third party; and

2. The Units have not been registered under the Act in reliance upon a specific exemption therefrom, which exemption depends upon, among other things, the bona fide nature of the Lender's investment intent as expressed herein; and that, in the view of the SEC, the statutory basis for such exemption may be unavailable if this representation was predicated solely upon a present intention to hold the Units for the minimum capital gains period specified under tax statutes, for a deferred sale, for or until an increase or decrease in the market price of the Units, or for a period of one year or any other fixed period in the future.

e. **Rule 144**. The Lender acknowledges that the Units must be held indefinitely unless subsequently registered under the Act, or unless an exemption from such registration is available. The Lender is aware of the provisions of Rules 144 and 144A promulgated by the SEC under the Act that permit limited resale of securities purchased in a private placement subject to the satisfaction of certain conditions.

f. **Discussions with Management**. The Lender has had an opportunity to discuss the Borrower's business, management, and financial affairs with the Borrower's management and to review the Borrower's facilities.

g. **Preexisting Relationship with the Borrower; Business or Financial Experience**. The Lender (a) has a prior business and/or personal relationship with the Borrower and/or its officers and directors, and (b) by reason of its business or financial experience or the business or financial experience of its professional advisors who are unaffiliated with the Borrower, and who are not compensated by the Borrower, has the capacity to protect its own interests in connection with the acquisition of the Units. The Lender is familiar with the Borrower, the nature of its business, its financial prospects and merits and the risks of a loan and subsequent investment in the Borrower as a result of receiving Units as partial payment of the loan.

h. **No Representations**. The Lender represents that he has had the opportunity to consult with an attorney, and has carefully read and understands the scope and effect of the provisions of this Note. The Lender has not relied upon any representations or statements made by the Borrower which are not specifically set forth in this Note. The Lender represents that he has been represented in the preparation, negotiation, and execution of this Note by legal counsel of his own choice or that he has voluntarily declined to seek such counsel.

**ATTORNEYS' FEES**. If any party has to bring an action to enforce this Note, or the subject matter of this Note, the prevailing party shall be entitled to its attorneys' fees and costs, to include any appeals.

Scanned by CamScanner

**CUMULATIVE REMEDIES.** The remedies of the Lender, as provided herein, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Lender, and may be exercised as often as occasion therefore shall arise.

**NOTICE.** All notices required under the terms of this Note shall be deemed to have been duly given and delivered either: (i) three (3) days after their deposit in the United States mail postage prepaid, or (ii) two (2) days after their deposit in a nationally recognized overnight courier service, or (iii) on the day of their personal delivery, if addressed or delivered to Lender or Borrower at their respective addresses set forth in this paragraph, or such other address as is specified in writing by any party to the others.

To Borrower:   Marquesas Capital Partners, LLC
Attn: Dennis Thomas
8200 – 113th Street, Suite 104
Seminole, FL 33772

To Lender:
Attn: _ALONZO Q. FORD_
Address: _3307 FIELDWOOD DR SE_
City, State, Zip: _SMYRNA, GA 30080_
Email: _ALONZO.FORD@GMAIL.COM_
Phone: _678-637-3206_

**ASSSIGNMENT AND SUCCESSOR LENDER.** This Note can only be assigned with the written consent of all of the parties and, where applicable, the term Lender shall include any subsequent or successor holder of this Note.

**CORRECTION OF DOCUMENTS.** The parties mutually agree to cooperate or to re-execute any and all documents deemed reasonably necessary or desirable in the other party's reasonable discretion, in order to correct or to adjust for any clerical errors or omissions contained in any document executed in connection with the loan.

**SEVERABILITY.** The unenforceability of any provision herein shall not affect the enforceability of any other provision herein.

**FLORIDA LAW AND JURISDICTION.** This Note constitutes a contract that shall be governed by Florida law and shall be enforceable in a court of competent jurisdiction in the State of Florida. Furthermore, venue for any such action shall be Hillsborough

4

Scanned by CamScanner

County, Florida and federal jurisdiction shall be in the Federal District Court in the Middle District of Florida, Tampa Division.

IN WITNESS WHEREOF, the undersigned has executed this Note on the day and year first above written.

By: Marquesas Capital Partners, LLC

By: *(signature)* 
Dennis Thomas, Managing Member

By: *(signature)*
Lender

Scanned by CamScanner

# EXHIBIT B



**PAIGE A. GREENLEE**
*Admitted to Practice in Florida,*
*Georgia & Tennessee*

*Direct.* (813) 802-8215
*Fax.* (813) 867-4585
*Email.* paige@greenleelawtampa.com

November 7, 2022

## VIA FED EX OVERNIGHT DELIVERY AND
## E-MAIL TO (eneilsen@neilsenlawgroup.com)

Mr. Eric W. Neilsen, Esq.
Neilsen Law Group, P.A.
100 2nd Avenue N., Suite 240
St. Petersburg, FL 33701

      RE:    That certain Promissory Note between Alonzo Ford and Marquesas Capital Partners, LLC (the "Note")

Dear Mr. Neilsen,

      As you know, this firm represents Mr. Alonzo Ford. This letter is sent to you as counsel for UNation, Inc., John J. Bartoletta and Marquesas Capital Partners, LLC. On behalf of Mr. Ford, we demand repayment of the $200,000 loan, plus interest, that Mr. Ford provided, pursuant to the above-referenced Note. A copy of the Note is enclosed for your reference. The total amount of principal and interest due and owing as of today's date is approximately $261,500.

      Under the repayment terms of the Note, the entire principal balance and accrued interest was due and payable on the earlier of December 31, 2017 (the "paid in full" date listed on the Note) or "the sale, assignment, transfer, lease or voluntary disposition of all or substantially all of Borrower's assets." We do not know whether the latter repayment provision has been triggered. Nonetheless, no payment of principal and accrued interest have been made to Mr. Ford on or after December 31, 2017. Accordingly, the loan is in default under the terms of the Note.

      In addition, the Note misstates the total amount loaned by Mr. Ford. As your clients know, Mr. Ford loaned a total of $200,000. Nonetheless, the Note contemplates errors in the documents and provides for their correction as follows: "The parties mutually agree to cooperate or re-execute any and all documents deemed reasonably necessary or desirable in the other party's reasonable discretion, in order to correct or to adjust for any clerical errors or omissions contained in any document executed in connection with the loan." Accordingly, the Note should be corrected to reflect that Mr. Ford's loan was in the amount of $200,000. Pursuant to the terms of the Note, Mr. Ford requests your clients' cooperation in re-executing the Note to correct the error.

      Furthermore, the reference to Marquesas Capital Partners, LLC in the Note may itself be a misnomer. We have not been able to confirm that Marquesas Capital Partners, LLC exists. However, our research has revealed the following:

- Marquesas Capital Partners, LP, a Delaware limited partnership, exists and is believed to be either the successor-in-interest to Marquesas Capital Partners, LLC or the intended counterparty to the Note.
- High Street Capital Management, LLC ("High Street Capital") is the general partner of Marquesas Capital Partners, LP.
- High Street Group, LLC, formerly known as Bartoletta Management, LLC ("High Street Group"), is the sole member of High Street Capital.
- Mr. Bartoletta is the managing member of High Street Group.

Accordingly, the foregoing demands are made on Marquesas Capital Partners, LLC, Marquesas Capital Partners, LP, High Street Capital Management, LLC, High Street Group, LLC and Mr. Bartoletta, individually.

Your clients' response to this demand is requested by November 17, 2022. Should Mr. Ford not receive payment in the amount of $261,500.00 by close of business on November 17, 2022, we have been authorized to proceed with legal action to collect the amounts due to him.

Sincerely,

Paige A. Greenlee

Enclosure
Cc: Alonzo Ford
    Eric Larson