UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALONZO FORD,

    Plaintiff,

v.                                                CASE NO. 8:22-cv-2658-SDM-SPF

MARQUESAS CAPITAL PARTNERS, LLC,

    Defendant.
_____/

## **ORDER**

    Before the Court is Defendant Marquesas Capital Partners, LLC's Motion to Strike Requests for Admission and Interrogatories (Doc. 94). Upon consideration, Defendant's Motion is DENIED.

    The discovery period in this action expired on June 14, 2024 (Docs. 81, 82). On May 14, 2024, Plaintiff served Interrogatories and Requests for Admission on Defendant (Doc. 93-3). Because these discovery requests were served via email, Defendant had thirty-three days to respond to the requests, as opposed to thirty days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under [Rule 5(b)(2)(F)], 3 days are added after the period would otherwise expire under Rule 6(a)."). As a result, Defendant's deadline to respond to the discovery requests fell on June 17, 2024— after the discovery deadline—as opposed to June 13, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Defendant responded to the requests on June 15, 2024, one day after the discovery deadline (Doc. 93-5).

Because Defendant failed to respond to the discovery requests within thirty days, Plaintiff moves for summary judgment and supports his motion by arguing that his requests for admission were deemed admitted by Defendant (Doc. 93). *See* Fed. R. Civ. P. 36(a)(3) (stating that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"). Now, in response, Defendant moves to strike Plaintiff's discovery requests because they were not served long enough before the expiration of the discovery period to permit Defendant the response time to which it was entitled by the Federal Rules of Civil Procedure (Doc. 94 at 4). *See Middle District Discovery* (2021) at I(F) ("The Court follows the rule that the completion date means all discovery must be completed by that date. For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline.")

District courts have "unquestionable" authority to control their own dockets. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). This authority includes broad discretion over the management of pre-trial activities, including discovery and scheduling. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("[W]e emphasize that district courts are entitled to broad discretion in managing pretrial discovery matters.") (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage cases before them.").

Here, the Court declines Defendant's request to strike Plaintiff's discovery requests. First, the deadline to respond to the requests was one business day after the discovery

deadline, and that is only as a result of the three extra days provided by Rule 6(d). Moreover, Defendant already responded to the requests, thereby waiving any objection that they are untimely. *See Spencer v. City of Orlando, Fla.*, No. 6:15-cv-345-Orl-37TBS, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) ("As a general rule, in the absence of an extension of time for good cause, the failure of a party to object timely to [discovery requests] constitutes a waiver of any objections the responding party may have.") (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *cf. Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("A party who fails to assert objections to discovery within the time permitted by the rule . . . waives any objections and is precluded from asserting the objection in a response to a motion to compel.") (citations and quotations omitted); *Middle District Discovery* (2021) at I(F) ("Untimely discovery requests are subject to objection on that basis.").

Thus, the Court finds that Defendant's discovery responses were timely, and that Plaintiff's discovery requests should not be stricken.

Accordingly, it is ORDERED:

(1) Defendant Marquesas Capital Partners, LLC's Motion to Strike Requests for Admission and Interrogatories (Doc. 94) is DENIED.

**ORDERED** in Tampa, Florida on August 13, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE